UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff, Respondent, and Cross–Appellant,

v.

Mary PIERREN, Defendant, Appellant, and Cross–Respondent.

No. 16802.

Supreme Court of Utah.

Nov. 7, 1980.

Michael E. Bulson of Utah Legal Services, Inc., Ogden, for defendant, appellant, and cross–respondent.

Robert Hansen, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, Robert D. Barclay, Deputy County Atty., Ogden, for plaintiff, respondent, and cross–appellant.

CROCKETT, Chief Justice:

Defendant Mary Pierren was ordered to repay $3,066.00 in welfare assistance she had received, based on a finding that, in obtaining it, she had made false and fraudulent misrepresentations that her former husband did not live with her and her four children in the home.

She appeals, contending that: (1) the evidence does not support the finding of fraud, and (2) she should not be required to repay the money she received in the absence of a showing of a lack of need, or that her former husband actually provided any income to the household.

On April 2, 1976, the defendant applied for both financial and food stamp assistance from the Department of Social Services. On her application, she named herself and her four children as members of the household. Two are from her marriage to one Larry D. Rodriguez from whom she was divorced in March, 1970. The other two are from her marriage to Pierre Pierren from whom she was divorced in July, 1976.[1]

At the time she applied for public assistance, the defendant was informed that she was required to notify the department of any changes in income, family size or other circumstances which might affect the amount of benefits she should receive. On renewal applications in September, 1976, and March, 1977, she again named only herself and her four children as members of the household.

On the issue as to whether the defendant made false representations as to the presence of a family provider (Pierre Pierren) in the home, the evidence is in conflict. As opposed to the defendant's evidence, the plaintiff showed various indications as to his living there. On July 16, 1976, the defendant and Pierre Pierren arranged to rent an apartment in Ogden and he signed the rental agreement which listed them both as tenants. Diane Reese, an employee at the apartment office, testified that Mr. Pierren paid the rent for the apartment on two occasions. Various tenants in the apartment complex testified that Mr. Pierren was seen around the apartment daily and that he and the defendant would often play cards with other tenants and have parties at their apartment. Importantly, two tenants, Larry and Brenda Carter, stated that the defendant told them that "if anybody from Welfare comes around, don't tell them that we [the defendant and Pierre] are living together."

Recognizing that under our accepted rule a finding of fraud must be by

---

1. As required by the department, the defendant executed an assignment to the department of her right to support payments under two prior divorce decrees.

clear and convincing evidence,[2] and whether that burden is met is primarily for the trial court to determine,[3] there appears to be sufficient basis in the evidence to justify the findings of the trial court that:

(1) From August, 1976, through April, 1977, during which time the defendant received public assistance totalling $4,080.00, Mr. Pierren was "in the home";

(2) the defendant failed to report and falsely concealed that fact from the plaintiff;

(3) the payments to the defendant were induced by that false representation; and

(4) except for the defendant's representation that a family provider was not living in the home, those payments would not have been made.

The court also found that a total of $1,014 had been deducted from the defendant's monthly allowance to pay for food stamp assistance which had been furnished her and her family; and that since they would have been entitled to the food stamps even though Mr. Pierren was in the home, the court deducted that amount from the $4,080 total benefits received by her, resulting in the judgment of $3,066.

The problem as to the amount of damages suffered by the plaintiff and the extent to which it is entitled to reimbursement from the defendant is quite a different question. Under the Aid for Dependent Children program,[4] a child is eligible for assistance who is in need for certain specified reasons, including the lack of a parent in the home.[5] Notwithstanding Mr. Pierren's presence in the home, he was not married to the defendant, and had no legal obligation to support the Rodriguez children, and thus, even if the facts as they existed had been truthfully disclosed, the two Rodriguez children would have been eligible for the public assistance furnished them.[6]

Plaintiff presented evidence that prior to the defendant's divorce from Mr. Pierren, they had received AFDC stepchild assistance for the two Rodriguez children and that the amount of a two-person grant for stepchildren's assistance during the period of time in question was $216 per month. Accordingly, the defendant should not be required to repay the assistance furnished those two children.[7]

Plaintiff has cross-appealed, contending that the court should not have deducted the $1,014 for food stamps which the defendant obtained. Plaintiff concedes that, on the basis of her low income, the defendant would be eligible for the food stamp assistance, and that this would not be affected by Mr. Pierren's presence in the home. However, the plaintiff asserts that the defendant purchased the food stamps with public assistance money, none of which she was entitled to receive.

2. *Pace v. Parrish*, 122 Utah 141, 247 P.2d 273 (1952).

3. *Child v. Child*, 8 Utah 2d 261, 332 P.2d 981 (1958).

4. That assistance program was established by the Social Security Act of 1935, 42 U.S.C., sec. 601, et seq.

5. See 42 U.S.C.A., sec. 606(a). The pertinent federal regulation as to the meaning of "continued absence from the home" is 45 C.F.R., sec. 233.90(c)(iii).

6. The United States Supreme Court has held that the term "parent," as used in 45 C.F.R., sec. 233.90(c)(iii), refers only to an individual who owes the child a state-imposed duty of support and does not include a man who cohabits with the child's mother and has no such legal duty of support. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972). See 45 C.F.R., sec. 233.90(a)(1).

7. We note that, if Mr. Pierren made any actual contributions to the support of the Rodriguez children during that time, the assistance received by the defendant for the support of those children would have been reduced accordingly. See 45 C.F.R., sec. 233.90(a)(1); *Lewis v. Martin*, supra, note 6, 397 U.S. at 555, 90 S.Ct. at 1283.

In light of our modification of the trial court's judgment, i. e., that the defendant was entitled to a portion of the public assistance money she received, we fail to see wherein the fact that she purchased and received food stamps for which she was eligible resulted in any damage to the plaintiff.

Other contentions of plaintiff have been considered and are deemed to be without merit.

This case is remanded for modification of the judgment in accordance with this decision. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.